Ruffin, C. J.
 

 The cause comes to a hearing on bill and answers, and upon the case thereby made, the Court is of
 
 *185
 
 opinion with the defendant. The plaintiff might, probably, have entitled himself to satisfaction under the deed ; as his demand seems to be sufficiently identified by its amount and the name and residence of the creditor The addition of a further false description, to which nothing answers, would not, merely as a part of the description, hurt the prior true one. When it appears, then, that there was no debt from Bryant to the plaintiff answering the whole description in the deed, but that this debt and this only existed at the time, the natural construction is, that this debt to the plaintiff for the very sum mentioned in the deed, is that which was intended to be secured. The answer, indeed, states that the part of the description, which fails, was the material part of it; for that the moving cause for placing the debt in its position among the debts, as to the order of payment, was not to secure it to the plaintiff which was considered as already done by the responsibility of Cluff but to indemnify CJuff the supposed surety. Hence the defendant insists, that to consider that an unessential part of the description and disregard it, would really not effectuate, but defeat, the intention of the deed by reason of a pure mistake. We do not conceive it to be necessary to determine that point in this case. For admitting that the plaintiff on the reasoning first adverted to. might insist that the deed secures “ the debt” to him, and sufficiently identifies it, the remark is obvious, that the identity does not fully appear upon the face of the deed by itself, but that it is necessary in order to establish it, to resort to extrinsic evidence of the facts, that this debt existed, when the deed was made, and that it was the only one that did. It may be taken that a trustee is bound to enquire for the debts made payable out of the fund. But it must be enough for him in the first instance, to enquire for them according to the description given in the deed. If he finds none such he may properly conclude, for any thing that can be learnt from
 
 *186
 
 the deed, that the debt mentioned has been paid by the debtor himself or had never existed, and was mentioned by mistake. Here, according to the tenor oí the deed, the trustee was not at liberty to pay this debt; because there might be two debts to the plaintiff for the same amount, for one of which Cluff was, and for the other he was not, the surety, and
 
 the former only
 
 would be payable. If, however, there be another debt, which, though not coming up to the whole description, is yet by legal construction of the deed, upon certain facts appearing aliunde,within the instrument, the creditor may doubtless insist upon the deed as a security for this last debt, as much as if it were correctly described in it in all particulars. If therefore, the trust fund was still in hand and supposing the indemnity of Cluff not to be the primary purpose of the deed and so to form an essential part of the description, there would be no difficulty in holding that the plaintiff should have this debt paid out of it. But that is not now the state of the case; nor the object. It is to charge the trustee with the payment; and to entitle the plaintiff to do that, it is plain, that while the trustee had enough of the trust fund to answer the demand, the creditor should have communicated to him the same facts, on which the Court, by construction, holds the deed sufficient to cover the debt in question. Now it does not appear that the plaintiff over informed the defendant that the debt, now sued for, existed when the deed was made, and that it was the only one between the parties, or had any communication with him on the subject before the commencement of this suit. Nothing of the kind is charged in the bill, but. on the contrary it is admitted that the plaintiff proceeded against the original debtor personally. The trustee, not finding the debt described to exist, and, as far as is charged in the bill or admitted in tbe answer, having no knowlege of any other debt to the plaintiff, paid away all the proceeds of the trust property
 
 bona fide.
 
 We think it too late, after that, to make known
 
 *187
 
 to him the facts, on which he might once have safely paid the plaintiff this demand, and on that ground to insist on payment now out of the trustee’s own pocket. The trustee ought not to be prejudiced by mistakes of the other parties, of which it is not known he was aware.
 

 Píse Curiam.
 

 Bill dismissed with costs.