AMERICAN NATIONAL BANK v. J. E. C. HILL.

(Filed 12 May, 1915.)

**1. Bills and Notes—Holder—Due Course—Collateral Notes—Action.**

The holder of a negotiable instrument in due course may maintain an action thereon against the maker, when properly transferred, though taken as collateral to a note given by his indorser; for the mere fact that the note was indorsed as collateral does not affect the matter of due course.

**2. Pleadings—Courts—Striking Out Pleadings—Counterclaim—Demurrer.**

The practice of the court in striking out the answer or other pleadings, or a part of it, is unusual in our Court, and in the case the part of the answer stricken out being the pleading, or an attempt to plead a counterclaim, the motion on appeal is treated as a demurrer *ore tenus* to it, upon the ground that it fails to state a valid counterclaim.

**3. Bills and Notes—Equitable Title—Original Defenses.**

Where the plaintiff in his suit to recover upon a negotiable note proves only an equitable title, it is subject to equitable defenses existing between the original parties.

**4. Same—Counterclaim—Pleadings—Parties.**

Where the maker of a negotiable note seeks to set up equitable defenses to its payment as against a holder who has acquired it as collateral to the note of his immediate indorser, upon the ground that the former had other collateral more than sufficient for its payment and the latter was indebted to the defendant, to sustain the counterclaim the defendant must show that his note had been paid by the sale of the other collateral or in some other manner, and his pleading of his counterclaim must allege a sum certain due by the plaintiff's indorser.

**5. Bills and Notes—Pleadings—Counterclaim—Banks and Banking—Equitable Estoppel.**

Where a note negotiable on its face is given by the maker and discounted at the bank by the payee, and at maturity this note is taken up by the maker at the bank by another note of his, wherein the bank is made the payee and the old note canceled, the maker may not set up as against the bank the defense that the original note was given in part payment for lands, the title to which proved defective, for if the payee had any such equity it was his duty to have informed the bank of his right at the time it received the renewal note.

**6. Pleadings—Counterclaim—Vague Allegations.**

> The allegations of a counterclaim or set-off in the answer in this case is held to be too vague and indefinite. *Bank v. Northcutt, ante,* 225.

**7. Banks and Banking—Bills and Notes—Collaterals—Excess—Corporations—Receivers—Actions.**

> A local bank having borrowed money from the plaintiff bank, hypothecating the note sued on and others as collateral, and since then becoming insolvent, and it is made to appear that the plaintiff has realized from the other securities of the borrowing bank more than sufficient to pay off the latter's indebtedness, without resort to the note in suit, the remedy is for the receiver of the insolvent bank to institute an action to recover the amount in excess of that due to the plaintiff.

APPEAL by defendant from *Rountree, J.,* at March Term, 1915, of ANSON.

Civil action, tried upon these issues:

1. Is the plaintiff the owner and holds in due course the notes described in the complaint? Answer: "Yes."

2. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: "$935, with interest from 12 October, 1914."

The defendant introduced no evidence. His Honor instructed the jury. There was no exception to the evidence or the charge of the court. In apt time the plaintiff moved to strike out the "further evidence" set up by the defendant in his answer. The motion was allowed, and the defendant excepted. The plaintiff introduced evidence sustaining the allegations contained in the complaint. From the judgment rendered the defendant appealed.

The only assignment of error is the granting of the said motion.

*Lockhart & Dunlap for plaintiff.*
*H. H. McLendon for defendant.*

BROWN, J. This is an action to recover upon a promissory note executed by the defendant to the Southern Savings Bank of Wadesboro, N. C., and duly indorsed to the plaintiff before maturity. The execution of the note and its nonpayment are admitted. The findings of the jury under the charge of the court, to which no exception is taken, establish the fact that the plaintiff is the owner and holder in due course of the said note.

Striking out the answer, or other pleading, or a part of it, is an unusual practice in this State, but is recognized as proper practice elsewhere. "It is often necessary," says 5 Enc. P. and P., 341, "for the court, in the administration of justice, to strike out a count," citing *Sherratt v. Webster,* 9 Jur. U. S., 629; *Chapman v. King,* 4 D. and L., 311, and other cases.

The evident purpose of the part of the answer stricken out is to set up a counterclaim or set-off against the note sued on in plaintiff's hands.

We will, therefore, treat the motion to strike out the "further answer" as a demurrer *ore tenus* to it, upon the ground that it fails to state a valid counterclaim.

It is admitted that the plaintiff bank holds the note of the defendant as collateral security for the note of the Southern Savings Bank. The jury find that the plaintiff was the holder in due course of the note sued on; that is to say, that plaintiff received it by indorsement before maturity for value and without knowledge of any infirmity.

The note is a negotiable instrument on its face, and the fact that it was indorsed to the plaintiff as collateral security for the debt of the indorser, the Southern Savings Bank, does not invalidate the position of the plaintiff that it is a holder in due course.

The plaintiff has the legal right to collect the collateral which it has thus received in due course in its own name, and can maintain an action thereon against the maker. *Bank v. Oil Co.,* 157 N. C., 302.

It is true that where, in an action on a note, the plaintiff proves only an equitable title thereto, the defendant, maker of the note, cannot properly be cut off from matters of defense existing between the defendant, maker and indorsee or payee. *Tyson v. Joyner,* 139 N. C., 70.

In this case the defendant fails to allege that the debt due to the plaintiff by the Southern Savings Bank has been paid and discharged by the collection of the collateral or in any other way. There is no allegation in the answer that the payment of the note in this case will overpay the indebtedness due by the said Savings Bank to the plaintiff, and that, therefore, the defendant would have a right to set up the alleged counterclaim.

If the defendant had alleged in his answer that the plaintiff held a large amount of collateral as security for the note executed to it by the Savings Bank, and that the plaintiff's note had been fully paid by collections from his collateral or otherwise, then a very different case would have been presented for the consideration of the Court. As it is, nothing of that sort appears in the answer.

A further and conclusive reason supporting the ruling of the court below is that the answer does not allege any set-off or counterclaim. It simply alleges that the note sued on was given to the Savings Bank as a renewal for one previously given to the Dixie Development Company and indorsed to the Savings Bank and originally given for the purchase money of land; that the Dixie Company cannot make good title to said land for the reason that there was a mortgage on the same in favor of one Little, and another mortgage on the same in favor of the said Savings Bank.

When the defendant executed the note sued on to the Savings Bank it was made payable to the Savings Bank, and, evidently, the note to the

GODFREY *v.* INSURANCE CO.

Dixie Company, executed by the defendant, was discharged and canceled. The renewal note to the Savings Bank was a contract between the defendant and the Savings Bank, and if the defendant had any equity, setoff, or counterclaim against the Dixie Company, it was his duty to make it known to the Savings Bank at the time when the Savings Bank discharged the note indorsed to it by the Dixie Company and took the defendant's note payable directly to itself instead.

Again, the allegations of the answer attempting to set up a counterclaim or set-off are too vague, indefinite, and uncertain upon which to raise an issue. It is well settled that the averments as to set-off or counterclaim must be definite and certain. Vague, general, and indefinite allegations are not sufficient. The counterclaim is substantially the allegation of a cause of action on the part of a defendant against the plaintiff, and it ought to be set forth with the same precision and certainty. *Smith v. McGregor,* 96 N. C., 101. See, also, a case similar to this and from the same county, at this term, the *American National Bank v. Northcutt, ante,* 225.

If it be a fact, which is not alleged in the answer, that after the collection of all the collateral in its hands, the plaintiff should have in its possession funds in excess of the amount due by the Savings Bank to it, the proper course is for the receivers of the Savings Bank to institute action against the plaintiff, if it fails to make a proper accounting and pay over the funds in its hands in excess of the amount due it.

The judgment of the Superior Court is

Affirmed.