MUSCHELWICZ, Respondent, v. TIDRICK, Appellant.

(167 N. W. 499.)

(File No. 4273.    Opinion filed May 13, 1918.    Rehearing denied June 1, 1918.)

1. **Negotiable Instruments—Indorsement by Bank to Cashier for Suit—Indorsee's Right to Sue—Title to Note.**

    A bank cashier, to whom a note was indorsed and delivered by the bank for the sole purpose of suing thereon, may bring such suit; it being settled law in this state that he who merely holds a note for collection is authorized to sue thereon where legal title to the note stands in him.

2. **Evidence—Bank Book Entries By Cashier re Taking, Exchange, of Notes—Admissibility, in Connection With His Testimony, Whether Self-serving, To Refresh Memory, or Hearsay?— Not Memoranda—Regular Course Entries—No Objection re Laying Foundation.**

    Where plaintiff, a bank cashier, testified concerning transactions by which the bank became owner of the notes in ex-

change for which original notes, of which that in suit was in part a renewal, were given, and concerning such original notes, bank book entries made by witness, relating to said transactions, were admissible in evidence in connection with his testimony, as against the objections (a) that they were self-serving declarations, that (b) they were unnecessary to refresh witness' recollection, he appearing to have full recollection of said transactions, and that (c) they were hearsay; that such entries were more than mere memoranda, that, having been made in regular course of business, they were admissible as such; no objection having been made that proper foundation was not laid.

**3. Witness—Original Bank Book Entries, as Corroborative of Bookkeeper's Testimony, He Having Independent Recollection—Rule.**

Where bank book entries were shown to have been original entries made by plaintiff witness, in a suit on a note taken by the bank, and endorsed to plaintiff for suit, he having testified concerning transactions by which the bank became owner of notes in exchange for which original notes, of which that in suit was part renewal, were given, and concerning such original notes, held, that, his testimony having been from independent recollection, so that such entries were corroborating, instead of sole evidence of the facts, they were admissible. Moreover, due administration of justice would not be promoted by establishing a rule which would encourage a witness having an independent recollection of a transaction, to commit perjury to pave the way for admission of a memorandum as the record of a past recollection now forgotten, because he recognized that such memorandum would carry more weight than his unsupported claim of accurate recollection.

**4. Evidence—Suit on Note—Defense, Want of Consideration—Defendant's Financial Statement to Third Party, re Ownership of Stock as Consideration, Admissibility.**

In a suit on a note, ,defended against by plea of want of consideration, there having been evidence that defendant was recognized as and interested himself as an active stockholder of the concern to whom the note was given, held, that while a financial statement given by defendant to a third person, in which he was shown to be a man of considerable wealth, would be inadmissible for that purpose, yet, as such statement listed among items of his property certain shares of said stock in said concern—which stock he claimed he never owned because the certificates therefor had not been delivered—it was competent upon the question of consideration.

**5. Witnesses—Suit on Note by Indorsee—Cross-examination of**

Plaintiff re Relationship of Endorser Bank Officer to Payee, Competency—Opposite Party's Right to Introduce, Effect.

In a suit on a note given for certain corporate stock, plaintiff having testified on direct, that when certain original notes, of which that in suit was in part renewal, were negotiated for by plaintiff's assignor bank, one M., then its president, was also a director of the concern in whose favor said original notes were given for its stock, and that he had procured the bank to take such notes, held, that trial court improperly refused to allow witness to be asked on cross-examination, what position M. occupied with said concern; since, the evidence in question being by deposition, appellant, the opposite party, might have introduced the question and answer involved, as part of his own case if he believed it material.

6. Banks and Banking—Suit on Note—Defense, Want of Consideration, Fraud—Indorsee Bank President, Officer of Payee Concern—Knowledge of Officer, Whether Bank Chargeable With—Officer's Want of Knowledge, Effect.

In a suit on notes, by an indorsee of a bank indorsee, given for certain corporate stock of an agency concern, held, that the mere fact that one, president of such bank, was also vice-president of said agency concern which was the original payee of notes of which that in suit was part renewal, would not charge the bank with knowledge of any supposed knowledge such officer might be merely presumed to have of facts tending to support the defense of want of consideration and fraud; especially in that it appeared that the bank, in all its transactions concerning the notes, acted through its discount committee, in which committee its president did not act.

7. Negotiable Instruments—Defense, Want of Consideration, Fraud—Renewal Notes, Maker's Knowledge of Defenses When Executed, as Bar to Defenses—Instruction.

Trial court properly instructed, in a suit on notes defended against for want of consideration and fraud, that if maker had knowledge, at the time of executing renewal notes of which that in suit was one, either of want of consideration in the original notes, or of the alleged fraud practiced upon him in inducing him to give the original notes, he can not urge such defenses to the notes in suit.

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by Paul I. Muschelwicz, against Charles D. Tidrick, upon promissory notes. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Kirby, Kirby & Kirby*, for Appellant.

*Boyce, Warren & Fairbank*, for Respondent.

(2) To point two of the opinion, Appellant cited: Maupin v. Mobridge State Bank, 161 N. W., 332 (S. D.); State v. Rule, 144 Pac., 807, (Okla.); State v. Brady, 69 N. W., 290 (Ia.); Insurance Co. v. Wiedes, 20 L. Ed., 894; Curtis v. Bradley, 31 Atl., 591; 28 L. R. A., 143, (Conn.); Callihan v. Washington Power Co., 67 Pac., 697.

(6) To point six of the opinion, Appellant cited: Citizens Bank v. Rowe, (S. D.) 154 N. W., 816; National Bank of Commerce v. Feeney, 9 S. D., 550, 70 N. W., 874, 46 L. R. A., 732.

(7) To point seven of the opinion, Appellant cited: Joyce on Defenses to Commercial Paper, Sec. 649; Daniels on Negotiable Instruments, Section 205.

WHITING, P. J. Defendant subscribed for some stock in the United Mercantile Agency (hereinafter denominated "agency") and, at the time of subscribing, and in consideration for same, he gave to said agency eight promissory notes of $2,500 each, dated April 1, 1912. These notes falling due, they were renewed by the giving of eight notes of $2,500 each, dated August 1, 1912; and these renewal notes falling due, they in turn were renewed by the giving of eight notes of $2,500 each, dated November 1, 1912. It was upon one of the renewal notes of date August 1, 1912, that the action of Barnard v. Tidrick, the appeal in which is reported in 35 S. D. 403, 152 N. W. 690, was brought. We make reference to our opinion therein for a statement of facts many of which are common to both cases. Two of the original notes were indorsed to the West Hammond Trust & Savings Bank (hereinafter denominated "bank") which had received said notes in exchange for other notes which they had purchased from the agency exactly as the plaintiffs in the Barnard action had received one of the August 1st notes in exchange for the note of another party, which note they had purchased from said agency. The defenses pleaded in this action were, as in the Barnard action, no consideration for, and fraud in the inception of, the original notes given by defendant. In the Barnard action the jury found with the defendant, while in this action, on evidence quite similar to that in the Barnard action, the jury found for the plaintiff. From a judgment on such verdict and an order denying a new trial, this appeal was taken.

Upon this appeal no question is raised but that the evi-

dence was sufficient to support the verdict, provided it shows
that the respondent was authorized to bring the action. Other
than an assignment raising such question, the assignments all go
either to the correctness of the court's rulings in the receipt and
rejection of evidence, or to the correctness of instructions given
the jury.

[1] It appears undisputed that the respondent was, at all
times hereinbefore mentioned, the cashier of the bank; that the
notes in question were indorsed by the bank and delivered to
him for the sole purpose of bringing this action; that he has no
personal financial interest in said notes; and that the proceeds
thereof if collected will go entirely to the bank. Appellant con-
tends that, under these facts; it appears that the respondent is
not the real party in interest and as such authorized, under our
statute, to maintain this action. It has, however, been, for 20
years, the settled law of this state that a party who merely holds
a note for collection is yet authorized to bring action thereon
where the legal title to said note stands in him. Citizens' Bank
v. Corkings, 9 S. D. 614, 70 N. W. 1059, 62 Am. St. Rep. 891.

[2] Respondent testified in relation to the transactions by
which the bank became the owner of the notes in exchange for
which the original Tidrick notes were taken from the agency.
He also testified to the transactions in relation to the taking of
the original Tidrick notes and the several renewal notes. In con-
nection with his testimony there were offered and received in
evidence certain entries in the books of the bank, which entries
respondent testified were in his handwriting. These entries re-
lated to the transactions concerning which respondent had testi-
fied. These entries were objected to upon the grounds: (a) That
they were self-serving in their nature; (b) that the witness ap-
peared to have full recollection of the transactions, and therefore
did not need such entries for the purpose of refreshing his
memory; and (c) that such entries were hearsay so far as the
defendant was concerned. That such entries were not hearsay
is too clear to need any further discussion than to suggest that
they derived their value as evidence from the credit to be attach-
ed to the witness who was upon the stand and did not rest, even
in part, on the veracity of some other person. Jones on Evi-
dence, § 297. Certainly these entries cannot be held to be self-

serving if they are otherwise admissible. We are of the opinion that these entries were more than mere memoranda; that they were entries in the books of the bank made in the regular and usual course of business and admissible as such. Jones on Evidence, § 320. No objection was interposed upon the ground that no proper foundation had been laid for their receipt in evidence.

[3] But if we consider these entries as but memoranda, then it is clear that, if respondent when a witness had testified that he had no independent recollection of the several transactions, and had further testified that, even after examining these entries, he still had no independent recollection of the transaction, but did know that such entries were a correct record thereof, and were made at a time when he had a true recollection thereof, we would have before us a case where the entries would be the record of a past recollection, and, as such, admissible in evidence under the rule announced in Maupin v. McBridge State Bank, 38 S. D. 331, 161 N. W. 332; State v. Brady, 100 Iowa, 191, 69 N. W. 290, 36 L. R. A. 693, 62 Am. St. Rep. 560. From the fact that these entries were original and not hearsay evidence, which certainly strengthens rather than decreases their probative force, and from the fact that the witness testified, apparently of his own recollection, as to the transactions, thus leaving these entries as corroborating evidence instead of the sole evidence of the facts, as they would have been if the witness had had no present recollection of the facts, we can see no sound reason requiring us, while conceding their admissibility, if merely records of past recollections, to hold them inadmissible under the facts shown. To so hold would result in excluding them when the danger of their bearing false witness has been reduced to the minimum. It seems clear to us, and we think it must to every thinking person, that such entries might well furnish far more satisfactory evidence in relation to the details of a transaction long past than would the memory of any witness, howsoever accurate and clear such memory might seem to be. Moreover, we do not believe it would promote the due administration of justice to establish a rule which would encourage a witness, who did have an independent recollection of a transaction, to commit perjury in order to pave the way for the admission of a memorandum as the record of a past recollection now forgotten, being induced to such

perjury because he recognized that such a memorandum would carry more weight with the jury than his claim of accurate recollection unsupported by the corroborating proof furnished by such memorandum. The following from Insurance Co. v. Weide, 14 Wall. (81 U. S.) 380, 20 L. Ed. 894, is peculiarly applicable to the facts of this case:

"How far papers, not evidence per se, but proved to have been true statements of fact, at the time they were made, are admissible in connection with the testimony of a witness who made them, has been a frequent subject of inquiry, and it has many times been decided that they are to be received. And why should they not be? Quantities and values are retained in the memory with great difficulty. If at the time when an entry of aggregate quantities or values was made, the witness knew it was correct, it is hard to see why it is not at least as reliable as is the memory of the witness."

We would also call particular attention to the case of State v. Rule, 11 Okl. Cr. 237, 144 Pac. 810. For reasons stated in the opinion therein, we believe these entries admissible either as entries made in regular course of business, or as memoranda corroborating the evidence of respondent.

[4] The court admitted, over objection, evidence of transactions between appellant and a certain third party. Appellant contends that the receipt of the same was prejudicial, and that such evidence was incompetent to establish respondent's claim. One of the contentions of appellant, and the sole contention upon which he based the defense of no consideration for the note, was that he never had received any certificates of stock, and that therefore his notes were without consideration. Other evidence had been received tending to show that appellant was recognized as and interested himself as an active stockholder of the agency even after the giving of the renewal notes dated August 1st. The evidence now under consideration consisted in part of a financial statement that had been rendered by appellant to this third party, which statement would show appellant to be a man of some considerable wealth. Appellant contends that the receipt of such statement would tend to prejudice the jury. While it is true that the financial statement showed that appellant was a man possessed of considerable wealth, and that,

if this was all that appeared therein, it would undoubtedly have been incompetent for any purpose, yet such statement listed the items of appellant's property, among which were these shares of stock in the agency—which shares he now claims he was never the owner of because the certificates therefor had never been delivered to him. This statement was rendered after the first renewal notes were given, and certainly was entitled to some weight by the jury as proof that the appellant, whether he had received his certificates of stock or not, considered himself the owner of the stock for which he had given the notes in suit, and it was therefore competent upon the question of consideration for the notes.

[5] It appeared on the direct examination of respondent that, at the time the two notes of April 1st were negotiated for and received by the bank, one Messenger, who was then the president of the bank, was also a director of the agency; and that it was he who as a representative of the agency procured the bank to take such notes in exchange for the notes it then held. Upon cross-examination respondent was asked what position Messenger occupied with the agency. This question was objected to as improper cross-examination, and such objection was sustained. The evidence of this witness was produced through the medium of a deposition, which deposition discloses that, in answer to the above question, the witness said, "I think he was vice president." Appellant contends that he should have been allowed to have introduced this answer, and that he was prejudiced by its exclusion. There is no merit to appellant's contention. Appellant was free to offer this question and answer as a part of his own case if he believed that such answer was material to any issue before the court and jury.

[6] Appellant contends that, Messenger being the vice president of the agency, then, under the rule announced by this court in Citizens' Bank v. Rowe, 36 S. D. 155, 153 N. W. 939, the bank was charged with notice of everything which Messenger knew that would tend to support the defendant's plea of no consideration or of fraud. Without in any way reviewing the decision in the Rowe Case, we would call attention to the difference in the facts of the two cases. In the above decision in the Rowe Case it was assumed that Maytag was president of

the Mausoleum Company, and also that he had actual knowledge of the facts rendering the note invalid. It was this actual knowledge with which the plaintiff, of which he (Maytag) was also president, was held charged. Of course under such facts, if Maytag acted for the plaintiff in the purchase of such notes, such plaintiff would stand charged with notice of the facts known to Maytag. But the facts of this case are entirely different. There is no evidence showing that Messenger had personal knowledge of any fact tending to support the defenses pleaded by appellant. We know of no authorities that would charge a bank with presumed knowledge of facts which at best could only be presumed to be known to one of its officers merely because such officer is also an officer of another corporation. Moreover, in this case, it clearly appears that the bank, in all its transactions in relation to these notes, acted through and under the authority of its discount committee, in which committee Messenger did not act.

[7] The court instructed in effect that, if appellant at the time of executing the renewal notes sued upon had knowledge either of the want of consideration in the original notes or of the alleged fraud practiced upon him in inducing him to give such original notes, he cannot now urge such want of consideration or fraud as a defense to the notes sued upon. Appellant contends the law to be that the payee cannot recover against the makers of a note, which note is given in consideration of and in renewal of a note of the maker, when the note of which it is a renewal has not been returned, and where the original note was without consideration or procured through fraud. Appellant cites numerous authorities in support of such proposition. The trouble with appellant is that he has ignored one important element in the above instruction—the knowledge possessed by appellant at the time of giving the notes sued upon. Where such knowledge is lacking, appellant's law applies; where such knowledge exists, the law is as announced in such instruction. Daniel, Neg. Instrs., § 205, p. 302; Joyce, Defenses to Com. Paper, § 649; Stewart v. Simon, 111 Ark. 358, 163 S. W. 1135, Ann. Cas. 1916A, 825, and cases cited in notes at page 827 of Ann. Cas. 1916A.

The judgment and order appealed from are affirmed.