FARMERS & MERCHANTS SAVINGS BANK OF HARLAN, Appellee, v. W. J. JONES, Appellant.

**BILLS AND NOTES:** Defenses—Waiver of Defense. The maker of a promissory note who, with full knowledge of his defense to said note, renews the same in the hands of a transferee, by the execution of a new note, on a new consideration, thereby waives the right thereafter to plead said defense to an action on the renewal note.

*Appeal from Montgomery District Court.*—J. B. ROCKAFELLOW, Judge.

DECEMBER 11, 1923.

ACTION on promissory note which was executed in lieu of a prior note given by the defendant to the Missouri Valley Cattle Loan Company, a corporation of Nebraska. The original note was sold to the plaintiff. The defendant pleaded fraud in the inception of the original note. At the close of the testimony, the court directed a verdict for the plaintiff, and the defendant appeals.—*Affirmed.*

*W. C. Ratcliff* and *R. J. Swanson,* for appellant.

*J. B. Whitney, Shelby Cullison,* and *Paul W. Richards,* for appellee.

FAVILLE, J.—On the 22d day of December, 1919, appellant executed and delivered to the Missouri Valley Cattle Loan Company his promissory note for $2,812.50, due in six months from date. The note was given as the purchase price of certain stock in the said loan company. The original note was purchased by the appellee bank in January, 1920. It came due June 22, 1920, and on said date appellant paid the accrued interest and the sum of $12.50 on the principal, and executed and delivered to appellee a new note for the sum of $2,800. This is the note in suit.

Appellant contends that, at the time he executed the original note, it was represented to him by the agent of the loan company that the company was sound and a money maker, and would pay thirty per cent dividend per annum; that the said company would resell the stock purchased within ninety days at a big profit, and that appellant would never have to pay his notes; that the dividends on his stock would pay the same; that the loan company would hold the notes and never transfer them; and that the company was paying thirty per cent dividends at the time. Appellant claims that it was also represented to him that the agent of the loan company had been sent to him by a local banker by the name of Smith, and that Smith was the owner of two hundred shares of stock, and was one of the directors.

There was evidence tending to show that the representations of fact that were made by the agent of the loan company at the time the stock was sold to appellant were false and untrue, and were made for the fraudulent purpose of inducing appellant to sign the original note which he gave for the purchase of said stock.

Appellee offered evidence for the purpose of showing that it was a bona-fide purchaser of the original note in due course. Appellant contends that there was sufficient evidence to carry the case to the jury on the question of whether or not appellee was a purchaser in due course of the original note.

Conceding, without deciding, that the evidence in the case was sufficient to carry this question to the jury, it does not necessarily follow that, under the peculiar facts of this case, the trial court erred in directing a verdict in behalf of appellee. Where

a note has been transferred, and the transferee obtains from the maker a note in lieu thereof, payable to himself, and said note is founded on a valuable consideration, independent of that on which the original note was founded, a failure of consideration of the original note is no defense to an action on the new note. *Williams v. Bank,* 1 Ind. 230; *American Nat. Bank v. Hill,* 169 N. C. 235 (85 S. E. 209).

One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration of the original note, or of false representations by the payee in the original note, waives such defense, and cannot set it up to defeat recovery on the renewal note. One who gives a renewal note, having knowledge of partial failure of the original consideration, or who by ordinary diligence could have discovered the same, is bound as though he had actual knowledge. The foregoing general rules seem well established. 8 Corpus Juris 445.

In this case, appellant gave the new note at the time the original note became due, and paid, not only all of the interest then due on the original note, but a portion of the principal. The original note was canceled and surrendered to him. The indorser on the original note was released by appellee. The new note was given direct to appellee. All of this was done by appellant at a time when he knew, or was bound to know, of the existence of part, if not all, of the defenses which he now urges. The original note was given in December, 1919. Appellant contends that the agreement made with him at the time was that his stock would be resold in ninety days thereafter at a big profit, and that he would never have to pay his notes. At the time of giving the new note, he knew that the ninety-day period had more than expired; that his stock had not been resold; and that his note had not been paid by any dividends. He also claims that it was the agreement at the time that the company would hold the notes, and would never transfer them. He knew that this had been violated, and that the note had been transferred to appellee. The essential and material matters alleged by appellant as constituting fraud in the procurement of the original note were all known to him to have been false and fraudulent at the time he executed the note in suit, or in any event, he had knowledge of such facts in relation thereto as

would put him upon inquiry in regard to such fraudulent acts.

In this connection, we are not overlooking the testimony which is in conflict in regard to the declarations of appellant at the time of executing the note in suit, respecting the fraud that had been perpetrated upon appellant. Regardless of what declarations he may have made at that time, respecting which the evidence is in dispute, the fact remains that he knew, or was bound to know, when he gave the note in suit, that the representations and promises that had been made to him at the time of the making of the original note, and that were the inducement to the execution of the same, were fraudulent, and that there was, to his knowledge at said time, a failure, in whole or in part, of the consideration for the execution of the original note. With knowledge of these facts, appellant thereupon paid the interest and a portion of the principal on said note, and executed a new note direct to appellee, and obtained a surrender of the original note, with the attendant release of the indorser thereon.

In *Keyes v. Mann*, 63 Iowa 560, a note was given for part of the purchase price of a parcel of land. The maker afterwards renewed the note, and gained time thereby. When sued upon the latter note, he claimed that there was a shortage in the land; but we held that such defense was not then available, as against the new note.

In *First St. Bank of Corwith v. Williams*, 143 Iowa 177, a note was given in renewal of a note which was claimed to be a forgery. The old note was canceled and surrendered to the maker of the new note. We held that the defense of forgery of the original note could not be urged against the renewal note, under such circumstances.

In *American Nat. Bank v. Hill*, 169 N. C. 235 (85 S. E. 209), the court held that, where a note was originally given to a corporation, which sold the same to a bank, and the maker executed a renewal note to the bank, the latter became a contract between the maker and the bank, and, if the maker had any equity, set-off, or counterclaim against the original corporation, it was his duty to make it known to the bank at the time when the bank discharged the note indorsed to it by the corporation, and took the maker's note, payable directly to itself.

In *Campbell v. Newton & Driskill,* (Okla.) 152 Pac. 841, the maker of a note claimed fraud in the inception of the original note, of which the one sued upon was a renewal. The court said:

"Even conceding that the facts presented by defendants constitute fraud, full knowledge thereof was brought to the attention of defendants long prior to the renewal of the note sued on, and, if defendants elected to sign a renewal note under those circumstances, they waived their right to urge the same as a defense against said renewal note."

In *Padgett v. Lewis,* 54 Fla. 177 (45 So. 29), it is held that one who gives a note in renewal of another, with knowledge at the time of a partial failure of the consideration for the original note, or of false representations, the payee waives the defense, and cannot set it up to defeat recovery on the renewal note; and also that, where one giving such renewal note either had knowledge of the facts and circumstances or by the exercise of ordinary diligence could have discovered them and ascertained his rights, it becomes his duty to make such inquiry and investigate before executing the renewal note, and if he fails so to do, he is as much bound thereby as though he had actual knowledge.

See, also, *Hitchner Wall Paper Co. v. Shoemaker,* 75 Pa.. Sup. Ct. 520; *Thorpe v. Cooley,* 138 Minn. 431 (165 N. W. 265); *Muschelwicz v. Tidrick,* 40 S. D. 435 (167 N. W. 499); *McGinnis v. McCormick,* 28 Ga. App. 144 (110 S. E. 341); *Adams v. Overland Automobile Co.,* (Tex. Civ. App.) 202 S. W. 207; *Franklin Phosphate Co. v. International Harv. Co.,* 62 Fla. 185; *Stewart v. Simon,* 111 Ark. 358 (Ann. Cas. 1916 A 825, and many cases in note at page 827).

It is a familiar rule that one who has been defrauded has two remedies available to him. He may affirm the contract so fraudulently obtained, and sue in damages, or he may rescind. He cannot do both. If he acts with knowledge of the facts, he cannot afterwards change his position and seek to avail himself of the other remedy.

Appellant in this case saw fit to execute the note in suit in the manner described, with knowledge, or at least notice, of the very fraud of which he now complains, and of the failure of consideration in the performance of the ·promises which in-

duced the making of the original note. He had at that time the right to repudiate the contract and rescind, or to affirm the contract. He chose to do the latter. He obtained an extension of time of payment and a surrender of the prior note. The bank released the indorser on the prior note. There was consideration to support the new note.

Upon the facts in the case, we think it must be held, as a matter of law, that appellant elected to affirm the contract, and not to rescind it. He therefore is in no position now to seek rescission of the contract or to claim defense to the note in suit, based upon his right to repudiate the original note because of fraud in the procurement of the same. It therefore follows that the court did not err in directing a verdict for appellee. It no longer became a question for the jury to determine whether or not appellee was a purchaser of the original note for value and in due course. Appellant was liable upon his contract with the appellee, which was evidenced by the new note in suit, which was based upon a valid consideration, as between the parties thereto.

The judgment appealed from must be—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.