H. T. DAVENPORT v. W. L. VAUGHN, Trustee, and N. L. SIMMONS.

(Filed 27 April, 1927.)

1. **Mortgages — Deeds in Trust — Trusts — Negligence of Trustee — Damages.**

   The trustee in foreclosing a deed of trust given to secure notes for borrowed money, as agent for the debtor and creditor, is charged with the duty of fidelity and impartiality to each, and is required by law to exercise good faith and every requisite degree of diligence in making the advertisement and giving notice of sale, and it is incumbent on him to make every reasonable effort to ascertain the mortgage indebtedness when the instrument secures notes in series, and if through haste, imprudence or want of diligence his conduct has caused the advance of the interest of one of the parties to the injury of another, he is personally liable therefor to the latter.

2. **Same—Forged Instruments—Statutes—Negligence.**

   Where the foreclosure of a deed in trust securing notes in series has been advertised and sale made without the knowledge of the trustee, and he has refused to execute the deed to the purchaser at the foreclosure sale when called upon to do so because of an outstanding note in the series remaining unpaid and unaccounted for in the hands of a holder for value, he is not justified in accepting from the purchaser a note forged by him and executing the deed (C. S., 3003), without further inquiry, and such purchaser may recover from him to the extent of his loss; and the negligence, if any, of such holder in not notifying him that his note had not been paid, will not affect the result.

APPEAL by defendant Vaughn from *Nunn, J.,* at November Term, 1926, of TYRRELL.

The plaintiff brought suit to recover an amount alleged to be due him as the holder in due course of a note executed by J. F. Leppard to H. B. Smith, and secured by a deed of trust to W. L. Vaughn. The only pleadings are the complaint and Vaughn's answer. Simmons neither answered nor demurred.

The case was referred, and the referee found from the evidence and reported the following facts:

1. That on 1 April, 1920, one J. F. Leppard executed to W. L. Vaughn, trustee, a deed of trust securing eight notes in the sum of $2,000 each, payable to H. B. Smith, and due and payable one each on 1 December, 1921, 1922, 1923, 1924, 1925, 1926, 1927, and 1928, said notes being in series, numbered 1 to 8, inclusive, said deed of trust being duly registered in the office of register of deeds of Beaufort County, in Book 221, page 335 (plaintiff's Exhibit C).

2. That thereafter, to wit, on 21 March, 1921, the plaintiff, H. T. Davenport, became the holder in due course of the sixth note of said series of eight (plaintiff's Exhibit A). That said note of $2,000, No. 6 of the series of 8, was deposited with the plaintiff by A. A. Paul, said Paul being the holder thereof in due course, as collateral security for a note of $1,000, dated 21 March, 1921, due one year after date, and executed by said A. A. Paul to plaintiff, H. T. Davenport (plaintiff's Exhibit B).

3. That some time prior to 27 March, 1922, the Washington-Beaufort Land Company, of which said company the defendant, N. L. Simmons, was president and general manager, became the owner by assignment of the 8 notes of $2,000 each, secured by the deed of trust above referred to; the one note of $2,000, No. 6, of the series of 8, assigned by A. A. Paul, was then in possession of plaintiff Davenport as collateral for note of $1,000 due said Davenport by A. A. Paul, which said one thousand dollar indebtedness was assumed by said land company. That plaintiff Davenport was notified by N. L. Simmons of the assignment of said note No. 6 of the series of 8 by A. A. Paul to Washington-Beaufort Land Company. That said notice was given after the sale by Vaughn, trustee, which said sale is hereinafter referred to, and that said Davenport had no knowledge of said sale by Vaughn, trustee, at the time he received notice of the said assignment of said note No. 6 of the series of 8.

4. That default was made in the payment of the notes secured by deed of trust to W. L. Vaughn, trustee, and the said N. L. Simmons caused the property conveyed in said deed of trust to be duly advertised for sale in the manner as prescribed by law in the name of said W. L. Vaughn,

trustee. That said Vaughn, trustee, had no knowledge of said advertisement at or during the time of advertisement. That said N. L. Simmons caused sale of said property to be conducted by Mr. Harding, and had one John Mayo to buy over said land in said Simmons' name at the price of $8,000. That said Vaughn, trustee, had no knowledge of said foreclosure sale at the time of said sale.

5. That said Simmons caused a deed from W. L. Vaughn, trustee, to said Simmons to be prepared and tendered said deed to said Vaughn, trustee, for execution; that Vaughn, trustee, demanded Simmons to exhibit the notes secured by deed of trust under which foreclosure sale was made; that said Simmons exhibited seven of said notes, and represented to Vaughn that he, Simmons, owned all of said notes, and had misplaced or lost one of them, No. 6, of the series of 8; whereupon, Vaughn, trustee, refused to sign said deed.

6. That later said Simmons exhibited to Vaughn, trustee, a note purporting to be note No. 6 of the series of 8, representing to Vaughn that after further search he had found said note in his files. That Vaughn, trustee, believing and relying on the statement of Simmons, who had heretofore borne a good reputation, executed said deed. That no money was paid to Vaughn, trustee, as a consideration for said deed. That the note exhibited by Simmons to Vaughn, trustee, purporting to be note No. 6 of the series of 8 was a forged note, forged by N. L. Simmons; that said Vaughn, trustee, at the time of execution of said deed, had no knowledge that said Davenport was the holder of note No. 6 of the series of 8.

7. That plaintiff Davenport had no knowledge of said foreclosure sale, and about two years after said foreclosure sale said Davenport, still being ignorant of said sale, went to see Simmons relative to collecting his note, and requested that the deed of trust be foreclosed; that Simmons assured Davenport that the security was ample, and that he, Simmons, would soon pay him the amount due on the A. A. Paul note, and further advised Davenport that it would not be wise to foreclose at that time. That said Simmons promised said Davenport that said deed of trust would not be foreclosed without first letting plaintiff know about it. That said Simmons thereafter, during March, 1924, caused to be paid to the plaintiff, to be credited on the A. A. Paul note, various sums, aggregating $680.

8. That the deed from W. L. Vaughn, trustee, to N. L. Simmons was executed 8 April, 1922, and is recorded in the office of register of deeds of Beaufort County, in Book 237, page 251 (plaintiff's Exhibit D).

9. That plaintiff had no knowledge of advertisement of foreclosure, or of foreclosure sale, until 1 January, 1925, when he first learned of same

from inspection of the records in the office of the register of deeds, at which time plaintiff inquired of Vaughn, trustee, if foreclosure sale had been made, and said Vaughn, trustee, would neither admit nor deny that he had foreclosed the deed of trust and made deed to Simmons.

10. That summons in this cause was duly issued out of the Superior Court of Tyrrell County on 14 May, 1925.

Upon these facts the referee concluded as matters of law that the plaintiff's cause of action was not barred by the statute of limitations, and that the plaintiff was entitled to recover of the defendants $1,000, with interest from 8 April, 1922, less a credit of $680 as of 21 March, 1924.

Vaughn filed exceptions which were overruled in the Superior Court. Judgment was given for the plaintiff in accordance with the report, and Vaughn excepted and appealed.

*Aydlett & Simpson for plaintiff.*
*Ward & Grimes for defendant Vaughn.*

ADAMS, J. A. A. Paul executed and delivered to the plaintiff his promissory note in the sum of one thousand dollars, to secure which he, as a holder in due course, assigned to the plaintiff in due course as collateral a note for $2,000, executed by J. F. Leppard to H. B. Smith on 1 April, 1920. The latter was the sixth of a series of eight notes, in the aggregate sum of $16,000, given for the purchase of land, and secured by a deed of trust executed by Leppard to W. L. Vaughn. The Washington-Beaufort Land Company, of which the defendant Simmons was president, obtained an assignment of these eight notes—the note set out in the complaint, the sixth of the series, assigned by Paul, being then in possession of the plaintiff, who had no notice of the assignment before the alleged foreclosure. Default was made in the payment of the notes, and Simmons caused the land to be advertised for sale in the name of the trustee. Vaughn had no knowledge of the advertisement; no knowledge of the sale at the time it was made. Simmons prepared a deed naming himself as grantee and Vaughn signed it under the circumstances appearing in the fourth, fifth, and sixth findings of fact.

The first question relates to the measure of the trustee's duty in foreclosing the deed of trust and conveying the land. As the agent of the debtor and the creditors he was charged with the duty of fidelity as well as impartiality; of good faith and every requisite degree of diligence; of making due advertisement and giving due notice. When the sale was made, he was bound to inquire for the debts made payable out of the fund, though, said *Chief Justice Ruffin,* it may have been enough to inquire for them according to the description given in the deed. If

through haste, imprudence, or want of diligence his conduct was such as to advance the interest of one person to the injury of another, he became personally liable to the injured party. *Johnston v. Eason,* 38 N. C., 330; *Allmand v. Russell,* 40 N. C., 183; *Hinton v. Pritchard,* 120 N. C., 1.

According to the facts as set forth by the referee, the trustee knew nothing of the advertisement or the foreclosure until some time after the sale had been made, and afterwards, at a time when apparently he had occasion to doubt and reason to scrutinize the proceeding, he executed a deed to Simmons upon his bare representation that a forged note, which was wholly inoperative (C. S., 3003), was in fact the note held by the plaintiff. Waiving the question of bad faith, the facts exhibit a degree of negligence and want of prudence which fully justify the referee and the judge in their conclusions of law.

It is insisted that the plaintiff, also, was negligent in declining to inform the trustee that he was the holder of the note, and that his laches should bar his recovery; but the plaintiff's silence did not relieve the trustee of exercising due diligence to ascertain the holders of the several negotiable notes which were secured by the deed of trust. *Allmand v. Russell, supra.*

It is further contended by the defendant that the plaintiff can have no recovery against Vaughn until it is made to appear that Paul cannot pay the note held by the plaintiff, and that the land cannot be resold. As to the sale, Vaughn's ratification of it hardly leaves him in a position to ask that it be reopened; and the referee's report shows that the plaintiff was a holder of the note in due course, and had it in his possession at the time of Paul's purported assignment. It is not easily perceived how Paul's assignment could adversely affect the plaintiff's title; and the plaintiff's right to bring suit on the collateral cannot be doubted. *Bank v. Hill,* 169 N. C., 235. The real basis of the action, however, is the defendant's negligent failure to protect the plaintiff's interest; and as default has been made in the payment of the note, and there is no allegation in the answer and proof that the debt due the plaintiff by Paul has been paid, we discover no sufficient reason for holding that the action cannot be maintained. *Bank v. Hill, supra; Bank v. Northcutt,* 169 N. C., 219.

The judgment is

Affirmed.