SHELLEY V. SMITH ET AL.

1. **Practice :** CORRECTION OF JUDGMENT ENTRY.  Where, in an action to foreclose a mortgage, a decree of foreclosure was prayed against the mortgagor and his wife, and a personal judgment against the mortgagor; and the clerk, in making the record entry, wrote "defendants" where he should have written "defendant," and improperly inserted the name of the wife in the judgment docket, *held*, that she was entitled, nine years afterward, to have the cause redocketed and the record corrected on motion.

*Appeal from Van Buren Circuit Court.*

TUESDAY, APRIL 22.

MOTION to correct a record.    The action was brought to foreclose a mortgage given to secure a promissory note executed by the defendant Fulton J. Smith.   In the execution of the mortgaged Fulton J. Smith was joined by his wife, Marion Smith. She was made defendant in the action, but no personal judgment was claimed against her.    Judgment and decree were taken by default.    A decree was properly drawn and signed, providing for the foreclosure of the mortgage as against both defendants, and for a judgment against Fulton J. Smith for the amount of the note; and the decree, after providing for an execution sale of the mortgaged property, provided in the usual way that if the mortgage was not fully satisfied by the sale the plaintiff should have execution against the defend-

ant Fulton. J. Smith for any balance unpaid. The clerk, in. making a record entry, wrote *defendants* where he should have· written *defendant*, and he inserted the name of Marion Smith in the judgment docket. The mortgaged property having: been exhausted without satisfying the judgment a general execution was issued, and was issued against Marion Smith as well as against her husband. She then caused the case to be docketed, and moved for a correction of the record. The court sustained the motion. The plaintiff appeals.

*Lea & Beaman*, for appellant.

*Work & Brown*, for appellee.

ADAMS, J.—The fact of the mistake is abundantly apparent, but it is insisted by the appellant that it is too late to correct

1. PRACTICE: correction of judgment entry.

it. The judgment was rendered in 1869, and the motion was made about nine years afterward. The appellant relies upon section 3156 of the Code, which provides that "the proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment, shall be by motion and within one year."

In our opinion the section is not applicable. We think that no judgment was rendered against Marion Smith. No· judgment against her was prayed in the petition, and the petition clearly shows that she was not made a party for that. purpose, but merely for the purpose of foreclosing her interest. in the land. No personal claim being made against her, it was her right to make default, and rest in the assurance that no personal claim could be established against her. The court never had jurisdiction of the subject-matter of a personal claim against her.

Furthermore, we think that the record entry sought to be· corrected does not, upon a proper construction, show a judgment against her. It shows that the court finds that the· defendant Fulton J. Smith is indebted to the plaintiff as claimed in the petition, and that there is now due from him.

to said plaintiff, upon the notes sued on, the sum of one thousand one hundred and sixteen dollars and fifty cents. So far the the record is correct, and this part must be allowed its influence in the construction of the record as a whole. The part in which there is a mistake is in these words: "It is, therefore, considered by the court that said plaintiff have and recover of said *defendants,Fulton J. Smith*, the sum of one thousand one hundred and sixteen dollars and fifty cents." The specification of one defendant by name, and only one, is of as much importance as the use of the plural of defendant before that one name; and clearly, taking the decree altogether, it appears to us that a personal judgment was rendered against Fulton J. Smith alone. But as it is liable to mislead, to the injury of Marion Smith, it is her right to have it corrected.

AFFIRMED.