THAYER, Circuit Judge.
This is a motion to vacate an order of reference, made by the district judge for the Southern district of Iowa, to a special master on April 14, 1896; also to vacate a report of the master made and filed on November 7, 1896, and a final decree entered on said report on February 19, 1897. The term of court at which said decree” was entered expired on April 12, 1897, and the motion to vacate the above orders and decree, and to clear the record, was not made and filed until April 21, 1897.- The ground of the motion is that, because the district judge by whom the order of reference was made and the special master by him appointed married sisters, the order of reference was made in violation of the provisions of section 7 of the act of August 13, 1888 (25 Stat. 433, 437, c. 866), and that the master’s report in pursuance of said order of reference, and all subsequent proceedings taken thereunder, including the final decree, were and are utterly void. The parties who are interested in the proceedings as interveners, to wit, the New England Waterworks Company and C. H. Yenner, have appeared and interposed an objection to the motion; the objection being that, inasmuch as the term at which the final decree was entered had lapsed before the motion was filed, the court is without power, on a mere motion, to vacate the final decree and precedent orders. The rule is well settled that a court of law or equity has power at any time to vacate an order or decree which is utterly nugatory and void. Ex parte Crenshaw, 15 Pet. 119, 123; Shelley v. Smith, 50 Iowa, 543, 544; Insurance Co. v. McCormick, 20 Wis. 265. But a court, for obvious reasons, cannot exercise the same control after the lapse of the term, unless armed with such power by the provisions of some statute, over final judgments and decrees which are not void, but are simply erroneous or irregular. In the latter class of cases relief must be sought, after the lapse of the term, by writ of error or appeal, or by a, bill of review or writ of error coram nobis. Bronson v. Schulten, 104 U. S. 410; Sibbald v. U. S., 12 Pet. 488. A mere motion will not suffice. Whether relief can be granted on the present motion depends, therefore, on the decision of the question whether the order of reference and the final decree entered on the master’s report are, as they are claimed to be, utterly void. The court is of the opinion that this question must be answered in the negative. It is not denied that the court by whom the case was tried had full jurisdiction *469 of the parties and of the subject-matter of the controversy. It is also clear that the judge of said court by whom the decree was entered was not personally disqualified to hear and determine the case* either by relationship to some of the parties or by having a personal interest in the litigation. Besides, the final decree of February 19, 1897, was the act of said judge done and performed after he had fully reviewed the testimony .which was submitted to the master, and the master’s findings, on exceptions duly taken to his report. It is to be further noted that the relationship, if any, existing between the judge and the master, was known to all the parties when the order of reference was made, and no exception was taken to the order of reference on that ground, nor was any exception taken to the master’s report after it was filed, or to the final decree, on the ground that the master was not qualified to serve in that capacity.
Another consideration bearing upon the subject iii hand must also-be kept in mind. The statute above cited is as follows:
“No person related to any justice or judge of any court of the United States by affinity or consanguinity within the degree of first cousin, shall hereafter be appointed by such court or judge to, or employed by such court or judge in, any office or duty in any court of which said justice or judge may be a member.”
It is obvious from an inspection of the foregoing statute that, in its relation to the case in hand, it presents the question whether two men who happen to marry sisters are so related “by affinity or consanguinity” that the one, if he happens to be a federal judge, may not appoint the other as a master to hear and report upon an isolated casé. Without expressing a definite opinion upon this question, it is to be observed that it is by no means certain that the statute has-any application to the case at bar. Counsel have termed the relationship between the district judge and the special master as that of brother-in-law, because they married sisters, but this is not correct, since the term “brother-in-law” is thus defined: “The brother of one’s husband or wife; also one’s sister’s husband.” Cent. Diet.; Webst. Diet. The phrase “related by consanguinity” means related by blood, a relationship which did not exist in the present case; while the phrase “related by affinity” is the relationship which is-contracted by marriage between the husband and the blood relations of the wife or between the wife and the blood relations of the husband. Whart. Law Dict.; Enc. Dict. 1896. In the light of these definitions, it admits of grave doubt whether the relationship existing between the judge and the master is comprehended by the language of the statute. It is furthermore doubtful whether the appointment of a person to act as a referee or special master in a given case is an appointment to an office or duty in the court, within the purview of the statute. But, whatever may be the correct view with reference to the questions last suggested, it is only necessary to say* at present, that they are questions to be -determined in the first instance by the judge upon whom the duty of appointing a master or a referee is devolved. When a court is called upon to choose a master or referee, such action necessarily involves a consideration and decision of the question whether the person proposed is qualified to *470 act in that capacity. The decision of that question is within the legitimate power of the judge, and is the exercise of a judicial function. It is difficult to perceive, therefore, how an error made in the decision of the question can have the effect of rendering all subsequent proceedings, based upon the action of the master, utterly nugatory and void, especially when, as in the present case, the judge himself was not disqualified to hear and decide the case, and the court over which he presided had acquired full jurisdiction of the parties and the subject-matter. It results from these views that the final decree and the precedent orders were not utterly void, and that the court is without power to disturb the decree on a mere motion. An order will accordingly be entered «overruling the same.