C. H. KEATING, Appellant, v. CHICAGO, BURLINGTON & QUINCY
RAILROAD COMPANY, Appellee.

JUDGMENT: Correction—Nunc Pro Tunc Entries—Inexcusable Delay. A judgment entered in due form, by a court having jurisdiction of the subject-matter and parties, is not subject to a *nunc pro tunc* entry setting aside the adjudication and entering judgment against the other party, years after the time for review by appeal or certiorari has passed. So held where the court, after three years' delay in bringing on for trial an appeal from justice court, dismissed the same and adjudged costs against *appellee*, and five years later, appellee applied for a correction.

*Appeal from Polk District Court.—W. S. AYRES, Judge.*

WEDNESDAY, NOVEMBER 22, 1916.

THE opinion states the case.—*Affirmed.*

*E. P. Hudson* and *R. L. Hudson,* for appellant.

*W. D. Eaton, E. C. Eicher, A. G. Rippey* and *Parker, Parrish & Miller,* for appellee.

WEAVER, J.—On October 4, 1907, in an action pending before William Christy, a justice of the peace in Polk County, the plaintiff, who is appellant herein, obtained a judgment against the defendant appellee for the sum of $75 and costs. Within proper time, the defendant took an appeal to the district court of Polk County by filing an appeal bond, with approved surety, in the sum of $200, and causing a transcript of the judgment, with the appeal bond, to be filed in the office of the clerk of the district court. The filing fee for such transcript or appeal was also paid by the defendant. From this point, the case seems to have been lost sight of, or to have been neglected by the parties thereto, for a period of more than three years, when, on December 19, 1910, the trial court entered the following order and judgment:

JUDGMENT: correction: *nunc pro tunc* entries: inexcusable delay.

"It is hereby ordered and adjudged that this cause be and the same is hereby dismissed for want of attention. It is therefore ordered and adjudged that the plaintiff pay the costs herein and that execution issue therefor."

Here the matter was again allowed to lapse into slumber for another period of nearly five years, when the plaintiff appeared at the May, 1915, term of the district court, and filed an application or motion under the title of said cause, setting up the history of the case as we have related it, and alleging that the entry of judgment against the plaintiff, in-

stead of against the defendant, was an oversight and mistake. Stated otherwise, the allegation is that, under the law, upon the dismissal of the appeal, judgment should have been entered against the railway company, but that, by mistake and oversight, the court failed so to do. Upon this showing, plaintiff moved the court to enter judgment against the railway company and against the surety upon its appeal bond for the amount originally recovered in justice's court with accumulated interest and costs, and for a retaxation of the costs charged against the plaintiff. On June 29, 1915, the foregoing motion was overruled, and, on rquest of plaintiff, the cause was certified for appeal.

The appellant plants his contention upon Code Section 4552, which provides that, if the appeal from a justice's judgment is withdrawn or dismissed, judgment shall be rendered against the principal and surety upon the appeal bond. In our opinion, the statute cited is not governing, at this stage of the proceedings. The judgment entered is a judgment dismissing the plaintiff's case, and not a judgment or order dismissing the defendant's appeal. It may have been erroneous, but the court was certainly not without jurisdiction both of the subject-matter and of the parties. If erroneous, it was subject to review upon appeal, or, if not appealable because of the amount in controversy, we cannot assume that the trial court would not have withdrawn or modified its judgment, upon proper motion therefor, had plaintiff acted with due promptness. There is no suggestion that the entry was fraudulently obtained, or even that its discovery was a surprise. Counsel were presumably in court from term to term and from year to year, and the slightest attention to the docket and the business of the court would have revealed this judgment almost as soon as made. Indeed, there is no allegation or showing that plaintiff's counsel were not in court when the dismissal was announced, and assented thereto. The decisions cited by counsel where *nunc pro tunc* entries have been made, years after the making of the record sought

to be amended, are not at all in point.  In *Shelley v. Smith,*
50 Iowa 543, there was no judgment against the party mov-
ing to amend; but, in entering judgment against such party's
husband, language had been used which led the clerk there-
after to issue execution against the wife's property, and this
mistake it was held proper to correct upon the record.  Fail-
ure to enter judgment upon a verdict or upon a confession
by a debtor has also been corrected, but we think no case
can be found where a judgment entered in due form, by a
court having undisputed jurisdiction of the parties and of
the subject-matter, has been held subject to a *nunc pro tunc*
entry setting aside the adjudication against one party and
entering another judgment against the other party, years
after the time for review by appeal or certiorari has passed.
It must be confessed that, if there be nothing more in this
case than appears upon the surface, plaintiff might properly
have objected to the dismissal of his case, and that, had this
been done with any degree of promptness, there can be little
doubt that his rights would have been protected.  But the
remedies offered by the law are to the diligent; and, if a party
having a valuable right at stake sees fit to let his case lie
dormant for a long series of years without any attention, until
the court, in sheer self-defense, dismisses it, and then per-
mits that record against him to stand unassailed and unques-
tioned for another series of years before he is moved to
action, he is not entitled to much compassion over the loss,
if any, he has so sustained.

We find no error in the record, and the ruling appealed
from is—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.