GRIMES SAVINGS BANK,, Appellant, v. MAGGIE McHARG, Appellee.

**BILLS AND NOTES:** Negotiability—Failure to Affix Revenue Stamps.
1 Principle reaffirmed that the negotiability of a promissory note is not affected by the omission therefrom of properly canceled Federal revenue stamps.

**STATUTES:** Construction—Stare Decisis—Nonapplicability. The doctrine of *stare decisis* does not apply to a construction placed upon a statute to the effect that the negotiability of a promissory note is destroyed by the failure to affix revenue stamps thereto; said construction being later held to be erroneous.

**BILLS AND NOTES:** Holdership in Due Course—"Form" of Note as
3 Evidence. It is error to instruct a jury that the *form* of a negotiable promissory note, which *form* is sanctioned by the Negotiable Instruments Law, may be considered by the jury on the issue whether a transferee of the note is a holder in due course.

**PLEADING:** Matters Specially Pleadable—Waiver of Fraud in Note.
4 The defense that a party has *waived* the defense of fraud in the inception of a promissory note by executing a renewal of the note with full knowledge of the original fraud, *is not available* unless specially pleaded.

**BILLS AND NOTES:** Actions—Burden of Proof in re Fraud. A plea
5 of fraud in the inception of a note is one thing when pleaded in an action on the note by the *payee;* such plea is a very different thing when pleaded in an action on the note by an alleged *transferee* in due course. In the former case, the burden to prove the fraud rests on the pleader, *and does not shift.*

**TRIAL:** Instructions—Placing Burden on Both Parties. So instructing that the burden of proof is by inference placed on both plaintiff and defendant as to the same issue, constitutes reversible error.

**TRIAL:** Instructions—Unpleaded and Unsustained Issue. The submission to the jury of an *unpleaded* and *wholly unsustained* issue of duress constitutes reversible error.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JUNE 24, 1924.

ACTION on three promissory notes. Verdict and judgment for defendant, and plaintiff appeals.—*Reversed.*

*J. G. Myerly,* for appellant.

*Hunn & Jones,* for appellee.

STEVENS, J.—This is an action on three promissory notes, two for $1,250 each, executed by appellee, and made payable to ''The order of myself,'' and indorsed by her in blank on the back thereof. These notes bear date October 4, 1919, and, by their terms, matured six months after date. The remaining note, which is for $2,500, was executed December 17, 1919, by appellee directly to appellant. The original consideration for the notes was the purchase price of stock in the Associated Packing Company, a corporation organized and having its place of business in the city of Des Moines. The $2,500 note was executed to take the place of a prior note for the same amount between the same parties, and identical in form with the $1,250 notes. The original notes were delivered by appellee to an agent of the packing company's, and, before maturity were transferred to appellant for a valuable consideration. For a defense to appellant's cause of action, appellee pleaded fraud in the inception of all of the notes. Appellant, by way of reply, denied the allegations of fraud, and also denied that it had any knowledge or notice thereof at the time the notes were purchased. The issue of fraud was the only defense submitted to the jury, except as the alleged failure of appellee to place revenue stamps upon the notes and to cancel them in the way provided by law was deemed to affect their negotiability. It is conceded that the requisite amount of stamps was attached to the $2,500 note and duly canceled. By amendment to its reply, appellant also alleged certain facts and transactions as constituting a waiver of appellee's right to plead fraud in the inception of the original instruments; but this issue was not submitted to the jury.

Appellant has assigned eighty-eight grounds for reversal, most of which are based upon alleged errors of the court in the admission and exclusion of testimony. As we must reverse on other grounds, these assignments will not be considered. The propositions urged which we deem vital to the case relate to the instructions. A brief statement of a few of the facts will suffice.

Revenue stamps were affixed to all of the original notes at

the time they were purchased by appellant, but were canceled by writing the date thereon, but without adding the initials of the maker. It is practically conceded that, at the time of the execution of the $2,500 renewal note to the bank, appellee knew of the fraud that had been practiced upon her by the representatives of the Associated Packing Company. The fraud charged in the inception of this note consists of certain alleged false representations made by the cashier of the bank to appellee to induce her to execute the same, which are not now material.

I. The case was tried and submitted to the jury by the court upon the theory that the failure of the appellee to cancel the revenue stamps in the manner prescribed by the laws of Congress was fatal to their negotiability. The case was tried a few days before the decision in *Farmers Sav. Bank v. Neel*, 193 Iowa 685, in which we held that the negotiability of a note is not affected by the omission of properly canceled revenue stamps therefrom, thereby overruling *Lutton v. Baker*, 187 Iowa 753, to the contrary. The instructions of the court were framed so as to comply with *Lutton v. Baker*. Because of the error in these instructions, the judgment entered upon the verdict in favor of appellee as to the two smaller notes must be reversed, unless the contention of counsel for appellee that this court is bound, or in some way estopped, by its holding in *Lutton v. Baker*, which they assert was then the law, is sound. *Lutton v. Baker*, supra, construed Section 3060-a52 of the 1913 Supplement to the Code. This statute was not affected by the construction placed upon it by this decision nor by the later case overruling it. As said by Chief Justice Taft, in *Fleming v. Fleming*, 264 U. S. 29 (68 L. Ed. —— ):

1. BILLS AND NOTES: negotiability: failure to affix revenue stamps.

2. STATUTES: construction: *stare decisis*: nonapplicablity.

"The effect of the subsequent decisions is not to make a new law, but only to hold that the law always meant what the court now says it means."

The contention of appellee on this point is without merit.

II. The court also instructed the jury that, although the form of the original notes is sanctioned by the Negotiable Instruments Law, and is not in itself sufficient to excite the sus-

3. BILLS AND
NOTES: holder-
ship in due
course: "form"
of note as evi-
dence.

picion of a purchaser, so as to prevent him from becoming a good-faith holder thereof, the form thereof might be taken into consideration, together with all the other facts and circumstances disclosed, in determining the issue of *bona fides*. This instruction is contradictory in its terms, and should not, in any event, have been given. Whether this form of a negotiable promissory note might, in some instances and under some circumstances, be made the basis of fraudulent representations, or be used as a means of perpetrating a fraud, we have no occasion at this time to consider. It is certain that the mere form of the note was not in itself a circumstance which the jury could consider in connection with the other evidence relied upon to prove fraud, for the purpose of determining whether or not appellant was an innocent purchaser.

III. Appellant calls our attention to numerous authorities which hold that one who executes a new note to take the place of one that was procured by fraud and deceit practiced upon

4. PLEADING: mat-
ters specially
pleadable: waiver
of fraud in
note.

him, with knowledge of such fraud, waives the right to plead the same as a defense in an action upon the new note. Counsel apparently overlooked our recent decision in *Farmers & Merchants Sav. Bank v. Jones*, 196 Iowa 1071, in this connection, which supports the authorities cited, and overrules *Anthon St. Bank v. Bernard*, 194 Iowa 1090, in so far as it holds to the contrary. Waiver, like estoppel, when relied upon as a defense, must be specially pleaded. It is conceded that appellee was cognizant of the fraud practiced upon her by which she was induced to execute the original $2,500 note, at the time she gave the new note to the bank and paid the interest then due on the old note. We fail to find in the record, however, any plea of waiver based upon this transaction, and, therefore, these authorities cited are not applicable.

The omission of a plea of waiver was, however, without prejudice to appellant, and is, no doubt, accounted for by the fact that appellee did not rely for a defense upon fraud in the inception of the original $2,500 note, but upon the fraud which she alleged was practiced upon her at the time the note in suit was given. The only reference in the instructions to fraud in

the original transaction, so far as the larger note is involved, is in the latter part of Paragraph 10, wherein the jury was instructed that, if they found that the execution of the new note was induced by fraud, then appellant could recover only, if at all, upon the original note, to which they would apply the rules stated in other instructions with respect to the two smaller notes. This portion of the instruction was not excepted to, and was not, of course, prejudicial to appellant. It perhaps should be suggested in this connection that appellant did not ask recovery upon the original note, which had been returned to the maker and was offered in evidence by her.

IV. The court, in its instruction to the jury as to the defenses set up against the $2,500 note, included duress, fraud, and deceit, and, inferentially at least, placed the burden upon appellant of overcoming the evidence of appellee upon these issues. If, in a subsequent paragraph of the same instruction, the contrary is indicated, it only adds to the confusion that was likely to result from the instruction as a whole. The burden of proving the allegations of fraud in the inception of the two smaller notes was, by the instructions, properly placed upon appellee. Under the issues, as framed by the court, and the theory upon which the defenses to the $2,500 note were submitted to the jury, the rule which casts the burden upon a purchaser of negotiable paper before maturity for a valuable consideration, to show by a preponderance of the evidence that he did not have notice of defects in the title of the holder, is not applicable here. The note was executed directly to the bank, and the defense relied upon was the alleged fraud of the officers thereof, practiced at the time the note was executed. The burden as to this issue was upon appellee, and not upon appellant. The court did not, in terms, instruct the jury as to which party had the burden as to this issue; but the inference to be drawn from the second paragraph of Instruction 10 is that it was upon the plaintiff. The language of this portion of the instruction is as follows:

5. BILLS AND NOTES: actions: burden of proof *in re* fraud.

6. TRIAL: instructions: placing burden on both parties.

"In this connection you are instructed that, if you find by a preponderance of the evidence, that the note 'Exhibit A' was made and delivered to the plaintiff by the defendant, *with-*

*out* duress, deceit, or false representations made to her by the bank through its officer or agent, for the purpose of obtaining her signature to said note; or that she did not execute said note by reason of any confidence or trust reposed by her in said officer or agent; or that no advantage was taken of her by said officer or agent, by reason of his knowledge that she was ignorant of her rights in connection with said 'Exhibit A,' if such was the fact, then your verdict should be for the plaintiff on said 'Exhibit A.' ' '

The uncertainty arising from this instruction was not dispelled by the succeeding paragraph, from which the inference might be drawn that the burden of proving the allegations of her answer, by a preponderance of the evidence, rested upon appellee. Duress was not pleaded as a defense, nor was any evidence introduced to sustain such issue; and its inclusion by the court in its instructions was error, which we cannot say was without prejudice.

7. TRIAL: instructions: unpleaded and unsustained issue.

V. Counsel for appellant stoutly maintains that the plea of fraud interposed to the $2,500 note was insufficient to carry that issue to the jury, and that there was a total failure of proof that any of the officers of appellant knew of the original fraud at the time the notes were purchased. In view of the conclusion reached, and the probability of a retrial, we deem it best not to review or discuss the fact questions involved. The judgment below must be, and is,—*Reversed.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.