STATE SAVINGS BANK, MISSOURI VALLEY, Appellee, v. JOHN W. DEAL, Appellant.

**BILLS AND NOTES:** Fraud—Waiver by Executing Renewal Note.
1   The voluntary act of the maker of a fraud-induced promissory note in renewing it by the execution of a new note, with full knowledge of the fraud, works a complete waiver of said fraud.

**TRIAL:** Instructions—Permissible Paraphrasing of Issue. A plea that
2   the signing of a promissory note was induced by trickery and fraud, (1) in that the note was misread, and (2) in that the payee misstated the note which was being signed, may very properly be paraphrased in the instruction as a defense of "fraud."

CONTRACTS:   Validity of Assent—Fraudulently Induced Signature—
3  **Negligence.**  A party may, *by his own negligence,* be precluded from
relying on a fraud which induced him to sign an instrument.

Headnote 1:  8 C. J. p. 445.  Headnote 2:  38 Cyc. p. 1610.  Headnote
3:  13 C. J. p. 372 (Anno.)

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

### APRIL 7, 1925.

### REHEARING DENIED SEPTEMBER 25, 1925.

ACTION on a promissory note.  The defendant relied upon
two defenses, namely: that the note was a mere renewal of an
original note which had been obtained from the defendant by
fraud and false representations; and secondly, that the execu-
tion of the note in suit was obtained by fraud on the part of the
officers of the plaintiff.  The trial court withdrew from the con-
sideration of the jury the defense of fraud in the inception of
the original note, of which the note in suit was a renewal, and
submitted to the jury the question of fraud in the procurement
of the defendant's signature to the note in suit.  The jury re-
turned a verdict in favor of the plaintiff for the amount due on
the note.  The defendant appeals.—*Affirmed.*

*Frank Tamisiea* and *Robertson & Havens,* for appellant.

*James S. Dewell* and *R. J. Organ,* for appellee.

FAVILLE, C. J.—I.  On or about February 7, 1920, appellant
executed his certain promissory note for the principal sum of
$2,250, due in six months from date, and payable to the order of
the Farmers Mortgage Company.  The note was
indorsed without recourse, to appellee.  On
April 21, 1921, appellant executed and delivered
to appellee the note in suit, being a note for
$2,475.50, the same being given in renewal of the original note
given to the Farmers Mortgage Company, and including the in-
terest due thereon.  The note in suit was due six months from
the date thereof.

Appellant complains of the action of the trial court in withdrawing the defense of fraud in the inception of the original note from the consideration of the jury. Appellee pleaded, by way of reply to appellant's answer setting up the issue of fraud, that appellant had waived the same by the execution of the renewal note, with knowledge of the existence of the fraud claimed to have been perpetrated in securing the original note.

It being conceded, for the sake of the argument, that appellee was not a holder in due course of the original note, and that the defense of fraud was available to appellant, as against the original note, the question arises as to whether or not appellant is now in a position to urge said defense, as against the renewal note, assuming that the same was voluntarily signed by appellant, with full notice and knowledge of the fraud which he claims was perpetrated upon him in procuring the original note. The trial court held that, under such a state of facts, appellant had waived his right to urge the defense of fraud against the renewal note.

In this ruling by the trial court, upon this state of facts, there was no error. The action of appellant in executing the renewal note, with full knowledge of the alleged fraud in procuring the original note, was a waiver on his part of the defense of fraud as against said note, even though the same might have been available to him in the first instance, as a defense against the original note. It was, in effect, an election on his part to affirm the contract, with full knowledge of the fraud, and constituted a waiver of his right to interpose the defense of fraud, as against the renewal note. The renewal note became a new contract between the parties. It was based upon a valid consideration. Appellant obtained the benefit of an extension of time of payment of the indebtedness. He recognized the amount due on the original note as a valid and binding indebtedness, and, with knowledge of the fraud, elected to waive his right to interpose the defense of the same against the original note, obtained an extension of time, and executed the new note, as a recognition of such indebtedness. Under such circumstances, the defense of fraud in the procurement of the original note is no longer available to him, as against the new note so given. The authorities sustaining such contention, under similar facts,

have been collected and reviewed by this court recently.    See
*Farmers & Merch. Sav. Bank v. Jones,* 196 Iowa 1071; *Grimes
Sav. Bank v. McHarg,* 197 Iowa 1393; *Anthon State Bank v.
Bernard,* 198 Iowa 1345; *Sullivan v. Gaul,* 198 Iowa 630; *National Bank of Decorah v. Robison,* 199 Iowa 1044; *Robinson v.
Robinson,* 147 Iowa 615; *Arnd v. Aylesworth,* 145 Iowa 185.

The trial court did not err in withdrawing from the consideration of the jury the defense of fraud in the procurement
of the original note, and in holding that said defense was not
available to appellant as against the note in suit; nor did the
court err in striking from the record the testimony offered to
sustain said defense of fraud.

II.   Appellant pleaded, as a defense to the note in suit,
that the same was obtained from him by appellee by trickery,
fraud, and deceit, the contention being that, at the time the
note was signed, the officer of the bank who
negotiated the transaction represented to appellant that he was signing a renewal of another
note which appellant owed to appellee bank, for
the sum of $299.48.

2. TRIAL: instructions: permissible paraphrasing of issue.

The court submitted to the jury the question of the alleged
fraud and trickery in procuring appellant's signature to the
note in suit.    Appellant contends that the court erred in the
instructions by which this question was submitted.

One contention by appellant is that appellant claimed in
his answer that the trickery and fraud consisted of two things,
namely: misreading the note, and the misstatements of the
cashier as to the note which was then signed.    Appellant's contention is that the instructions of the court submitted to the jury
only the question of the alleged fraud in the reading of the
note, but did not submit the alleged fraud in the misstatements
of the cashier.

All that took place at the time of the signing of the renewal
note was charged by appellant in his answer as having been
fraudulent, and having been a trick and deceit upon appellant.
The entire transaction was pleaded in one general allegation by
appellant, and his proof was offered in respect thereto.    The
court fairly stated to the jury the issues regarding appellant's
defense of fraud in the manner in which the note was procured.

The claim of appellant that the court did not differentiate in its instructions between the misreading of the note and the misstatements of the cashier in procuring the signature on the note at the time the same was read to and signed by appellant, is hypercritical. The court submitted the question to the jury in regard to the alleged fraud in the procurement of the note, and did not limit the jury to a mere finding of fraud in the misreading of the note, as claimed by appellant.

Construing the instructions in their entirety, we think that the issue of fraud in the procurement of the note was fairly presented for the determination of the jury.

III. It is the contention of appellant that, at the time he signed the note in suit, he did not have his spectacles with him, and was unable to read the note; and that he relied upon the statements and acts of the cashier of the bank in regard to the contents of the note.

3. CONTRACTS: validity of assent: fraudulently induced signature: negligence.

The court instructed the jury in regard to the rights and duties resting upon a person who is about to sign a written instrument, and told the jury that, if the instrument is fraudulently read to the signer, in terms different from the real ones, or if, by trick or fraud, another is substituted in its place, or if, on being read, its terms are fraudulently misrepresented to the signer, and he cannot read himself, and he is otherwise without fault upon his part, he is not bound, even though he signed the instrument.

Appellant's contention is that the court erred in instructing the jury to the effect that one who signs a written instrument which is fraudulently read to him may avail himself of said fraud only in the event that he is "without fault upon his part." In other words, the question is whether or not a party is bound by a written instrument the signature to which is fraudulently obtained, where the signer is guilty of negligence on his part in signing the instrument.

This question has frequently been before this and other courts. The general rule is that fraud in procuring the signature to a written instrument vitiates the same. But there is an exception to this rule, where the signer of the written instrument is guilty of negligence in the execution thereof. *McCormack v. Molburg*, 43 Iowa 561; *Green v. Wilkie*, 98 Iowa 74; *Dashiel v.*

*Harshman,* 113 Iowa 283; *Shores-Mueller Co. v. Lonning,* 159 Iowa 95; *Wallace v. Chicago, St. P., M. & O. R. Co.,* 67 Iowa 547; *McKinney v. Herrick,* 66 Iowa 414; *Reid, Murdock & Co. v. Bradley,* 105 Iowa 220; *Bannister v. McIntire,* 112 Iowa 600; *Gulliher v. C., R. I. & P. R. Co.,* 59 Iowa 416; *Lillie v. Shriver,* 190 Iowa 861; *Joseph v. Mangos,* 192 Iowa 729; *Bank of Holmes v. Thompson,* 192 Iowa 1032; *Houchin v. Auracher,* 194 Iowa 606.

The jury was properly instructed regarding the law governing the case. The action is at law, and no equitable relief is sought.

Other errors argued by appellant inhere in the matters already discussed, or are without merit.

We find no error requiring interference on our part, and the judgment appealed from must be, and it is,—*Affirmed.*

EVANS, ARTHUR, and ALBERT, JJ., concur.