EUCLID AVENUE STATE BANK, Appellee, v. R. R. NESBIT,
Appellant.

**NEW TRIAL:** Sua Sponte by Trial Court—Record Required. An order
for a new trial entered on the motion of the court must (at least
on the demand of the adverse party) be accompanied by a record
showing of the facts which caused the court so to act.

**COURTS:** Records—Correction of Order for New Trial. The trial court
has power to so correct an order for a new trial as to show the
grounds upon which the order was made.

**NEW TRIAL:** Discretion of Court—Sustaining Untenable Grounds.
Granting a new trial on the ground that a jury question had not
been presented, when the contrary is true, under the record, con-
stitutes an abuse of discretion.

**TRIAL:** Instructions—Contradictory Instructions. Contradictory and
misleading instructions may be ground for new trial. So held where
the court unequivocally instructed that a defense to a promissory
note was waived by the act of the maker in executing a renewal
with full knowledge of the defense, and later instructed, in effect,
that such waiver did not occur unless the holder of the new note
had *changed his* position by reason thereof. (See Book of Anno.,
Vol. 1, Sec. 11493, Anno. 352 *et seq.*)

**ESTOPPEL:** Equitable Estoppel—"Estoppel" and "Waiver" Con-
trasted. Principle reaffirmed that, to constitute *waiver*, action to
the prejudice of the party relying thereon is not essential; while
such showing is essential to estoppel.

**BILLS AND NOTES:** Renewal—Waiver of Defense. Principle reaf-
firmed that the maker of a promissory note waives his defense to
the note when he *renews* the note with full knowledge of the de-
fense; and especially is this true if the maker secures an extension
of time. (See Book of Anno., Vol. 1, Sec. 9515, Anno. 13 *et seq.*)

Headnote 1:  29 Cyc. p. 1027.  Headnote 2:  29 Cyc. p. 1028 (Anno.)
Headnote 3:  4 C. J. p. 832.  Headnote 4:  21 C. J. p. 1254 (Anno.);
29 Cyc. pp. 786, 787.  Headnote 5:  40 Cyc. p. 257.  Headnote 6: 8 C.
J. p. 445.

*Appeal from Polk District Court.—*Lester L. Thompson,
Judge.

June 25, 1925.

Opinion on Rehearing March 9, 1926.

Action on a promissory note. There was a verdict for the
defendant. On motion of the plaintiff, the verdict was set aside,
and a new trial granted; and from this order the defendant
appeals.—*Affirmed.*

*John McLennan* and *P. W. Walters,* for appellant.

*Miller, Kelly, Shuttleworth & McManus,* for appellee.

Vermilion, J.—The case is before us upon resubmission.
Our re-examination of the record confirms the view expressed
in the former opinion upon several of the questions presented.
We therefore adopt the statement of the case and what was said
upon these propositions in the former opinion, written by the
late Justice Arthur, as follows:

"This was an action on a promissory note, made by the
defendant to plaintiff. The defense was that the note was de-
livered conditionally. The case was tried and submitted to a
jury, which returned a verdict in favor of defendant on June
19, 1923, upon which a judgment was accordingly entered.
Plaintiff filed a motion *non obstante veredicto* and for a new
trial. Motion for a new trial contained five grounds. On the
15th day of December, 1923, an order was entered as follows:
'The above entitled matter coming on for hearing on the motion
of the plaintiff for a new trial and to set aside the verdict of
the jury and the judgment rendered thereon, and the court
being fully advised in the premises, hereby upon its own motion,
and because of matters within the knowledge of the court, show-
ing conclusively that the deliberations of the jury in this cause
were interfered with by the bailiff and others to such an extent
as to prevent a fair determination of the issues involved, and to
such an extent to amount to a coercion, sets aside the verdict

of the jury and judgment rendered thereon, and grants to the plaintiff a new trial.'

"Following this, defendant filed a motion to reconsider the above ruling, to set same aside, and grant to the defendant a certificate as to the matters and things covered by the above order of court, and requesting the court to make of record the facts and matters within his own knowledge which showed that the deliberations of the jury were interfered with, and the names of the parties so interfering with the deliberations of the jury, and what was said or done by the parties so interfering. To this motion was attached an affidavit from each and all of the members of the jury who tried the cause. On the 14th day of June, 1924, the court made the following order: 'The above entitled matter coming on for hearing upon the motion of the defendant to vacate and set aside an order of the court made and entered of record on the 15th day of December, 1923 * * * granting to the plaintiff a new trial, * * * and the court being fully advised in the premises, overrules the motion of the defendant. It is further ordered that the order of court made and entered of record on the 15th day of December, 1923, shall be considered as amended by this order so as to show that a new trial was granted, upon the grounds stated in such order, and upon the grounds stated in plaintiff's motion for new trial. 'To all of which defendant excepts.'

"From the above recited rulings and orders, defendant prosecutes this appeal.

I. "No one disputes the well known rule in this state that the ruling on a motion for a new trial, or to set aside a verdict, is largely discretionary with the trial court, and it is equally true and settled under our cases that the court has the inherent power to set aside the verdict of a jury on its own motion. We had occasion to consider this question in the case of *Hensley v. Davidson Bros. Co.*, 135 Iowa 106, where, among other things, we said: 'While the inherent right exists to make such a ruling, the grounds for doing so should be made to appear in the record. If the court does not do this, the party in whose favor the ruling is made, in protection of the record, may insist that the ground of the ruling be entered. This may be done by an appropriate

1. NEW TRIAL: sua sponte by trial court: record required.

motion, and the action of the court made quite as intelligible as though it had waited for the parties to make up the record in the ordinary way and according to the customary judicial procedure.'

"We are constrained to hold that, in any case where the trial court grants a motion to set aside a verdict or for a new trial on its own motion, he ought, at least on the demand of the party against whom the ruling is made, to state of record the facts which moved him to act; and failure so to do would be reversible error.

II. "Were this the only question involved in this appeal, it would necessarily result in the reversal of the case without further consideration. But, as above noted, in the entry made on the 14th of June, 1923, the court states, in substance, that he granted the new trial, not only on his own motion, but on the grounds alleged in plaintiff's motion heretofore filed. It is with this proposition that we have next to deal.

"It is a familiar rule that granting or refusing to grant a new trial is largely in the discretion of the trial court, and that abuse of such discretion must be shown, to warrant this court in reversing the action of the trial court on the motion for new trial; yet we have no hesitancy in so doing where the facts shown by

2. COURTS: records: correction of order for new trial.

the record before us show such abuse of discretion. If the trial court had power to make the last part of the order of June 14th, then the case must be disposed of under our rule last above suggested. In 17 Encyclopaedia of Pleading and Practice 909, the rule is stated: 'As a record is a history of the court's proceedings and transactions, a court is perforce invested with power to amend or correct its records, to make them speak the truth.'

"This doctrine has been recognized in the case of *Shelley v. Smith*, 50 Iowa 543, where the record was corrected long after the original judgment had been entered. As to the general power of the trial court over its record, see Code of 1897, Sections 242, 243, and 244, and cases cited construing same. Under these prevailing rules, we have no doubt that the trial court had the right to amend its record, and the ruling on the

original motion for a new trial is before this court, and must be passed on.

"Appellee insists very strongly that the court was right in sustaining this motion. It urges quite persistently that, under the evidence, it was entitled to an instructed verdict in its behalf, and bases this contention largely, if not wholly, upon the proposition that, in the execution of the renewal note, appellant did so with knowledge of all the facts, and therefore insists, under one of the grounds of the motion for new trial, that the evidence was not sufficient to support the verdict. A careful review of the record, however, convinces us that appellee is in error in this respect. The question of knowledge was a disputed question of fact, and, being so, was a question for the jury. The court was right in sending it to the jury, and it was error to grant the motion for new trial on this ground."

3. NEW TRIAL:
discretion of
court: sustain-
ing untenable
grounds.

Upon a re-examination of the record, in the light of the arguments upon rehearing, we are, however, brought to the conviction that a new trial was properly granted upon another ground of the motion therefor.

IV.   The note sued on was given in renewal of a previous note, which had been given for money to be used in the purchase of stock in a financially embarrassed corporation. The answer alleged the breach of an agreement between the defendant and the cashier of the plaintiff bank that the first note was only to be delivered in case the cashier and another purchased and paid for stock in the corporation. It was alleged in the reply that the renewal note was executed and delivered with full knowledge on the part of the defendant of all the facts of the breach of the claimed agreement for a conditional delivery.

These facts were pleaded as constituting an estoppel as against the defendant; but they were sufficient to amount to a waiver of the pleaded defense. It is the pleaded facts, not the pleader's legal conclusions, that control. The lower court submitted the question of waiver to the jury, and instructed that, if the jury found that the agreement for a conditional delivery of the original note had been made, as alleged, the verdict should be for

4. TRIAL: instruc-
tions: contra-
dictory instruc-
tions.

the defendant, unless it was found that the conditions of the agreement had been waived by the defendant in the execution of the renewal note; and further instructed that, if it was found by a preponderance of the evidence that, at the time of the execution of the renewal note, the defendant had full knowledge of the fact that the agreement pleaded as a defense to the action had not been complied with, and, being in possession of such knowledge, executed and delivered the renewal note, the defense must fail, and the verdict must be for the plaintiff.

Notwithstanding this unequivocal direction that the defense must fail if the appellant had knowledge, when he executed the renewal note, that the agreement for the conditional delivery of the original note had been broken, the court in another instruction said:

"You are instructed that, in order to sustain the plea of waiver and estoppel set up by the plaintiff, it must affirmatively show such conduct on the part of the defendant as induced it to act to its prejudice. It must, in fact, show that, because of the conduct of the defendant, it has changed its position with reference to the note sued upon herein, to its detriment."

This instruction, while it covers both waiver and estoppel, entirely ignores the fundamental distinction between them: that, to constitute waiver, action to the prejudice of the party relying thereon is not essential, while such reliance is essential to estoppel. *Wandell v. Mystic Toilers*, 130 Iowa 639; *Collins v. Iowa Mfrs. Ins. Co.*, 184 Iowa 747; *State Exch. Bank v. Iblings*, 190 Iowa 1045; *Beatty v. Cook*, 192 Iowa 542; *Hess v. Masters*, 192 Iowa 1063; *Ford v. Ott*, 186 Iowa 820; *Schuetz v. International Harv. Co.*, 167 Iowa 634.

5. Estoppel: equitable estoppel: "estoppel" and "waiver" contrasted.

As applied to the defense of waiver, which the court had previously told the jury would be good, if established, it was not only contradictory of the previous instruction, but was an incorrect statement of the law.

Counsel for appellant at this point rely upon a distinction between an express and an implied waiver, and say that, if a waiver is present in this case, it must amount to an estoppel. Without questioning that such a distinction may be important

in a proper case, we think it has no place here. We quote from 27 Ruling Case Law 909, cited in support of the contention:

"To make out a case of waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose, *or* acts amounting to an estoppel on his part."

The doctrine that one who, with knowledge of facts constituting a defense to a note, renews the note, thereby waives the defense as effectually as if his waiver was in express terms, is well settled. *First St. Bank v. Williams,* 143 Iowa 177; *Grimes Sav. Bank v. McHarg,* 197 Iowa 1393; *Sullivan v. Gaul,* 198 Iowa 630; *Anthon St. Bank v. Bernard,* 198 Iowa 1345; *National Bank v. Robison,* 199 Iowa 1044; *Home Sav. Bank v. Heizer,* 200 Iowa 793. Especially is this true where he secures an extension of time of payment. We have said of such a situation, where the original note was without consideration, or procured by fraud, and the action was upon the renewal note:

6. BILLS AND NOTES: renewal: waiver of defense.

"He had at that time the right to repudiate the contract and rescind, or to affirm the contract. He chose to do the latter. He obtained an extension of time of payment and a surrender of the prior note. * * * There was a consideration to support the new note." *Farmers & Merch. Sav. Bank v. Jones,* 196 Iowa 1071; *State Sav. Bank v. Deal,* 200 Iowa 490.

Here, if the defendant had knowledge of the breach of the agreement for a conditional delivery of the original note,— which we have said was a question for the jury,—and with such knowledge secured an extension of time, and executed a new promise to pay the debt, this, under the authorities cited, evinced a purpose to waive the defense of conditional delivery.

The instruction was misleading, contradictory of other instructions, and, as applied to the question of waiver, under the facts, incorrect. It follows that the action of the court in granting a new trial must be sustained, and the order appealed from is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.