Home Savings Bank, Appellee, v. C. B. Heizer et al., Appellants.

**BILLS AND NOTES:** Validity—Renewal With Knowledge of Fraud.
1. A fraud-induced note is validated by the act of the maker in renewing the note at a time when he knew of the fraud, or in reason

ought to have had such knowledge. (See Book of Anno., Vol. 1, Sec. 9515, Anno. 13 *et seq.*; Sec. 9518, Anno. 10 *et seq.*)

**BILLS AND NOTES: Holdership in Due Course—When Issue Immaterial.** It is quite immaterial whether the holder of a negotiable promissory note is or is not a holder in due course *if the maker has waived the circumstances* which originally invalidated the note. (See Book of Anno., Vol. 1, Sec. 9519, Anno. 8.)

Headnote 1: 8 C. J. p. 445.     Headnote 2: 8 C. J. p. 445.

*Appeal from Warren District Court.*—W. C. VANDER PLOEG, Judge.

OCTOBER 27, 1925.

ACTION in equity, to foreclose a mortgage on real estate. From a decree for plaintiff, the defendants appeal.—*Affirmed.*

*Havner, Flick & Powers,* for appellants.

*C. B. Hextell* and *C. S. Missildine,* for appellee.

VERMILION, J.—The action is in equity, to foreclose a real estate mortgage securing three notes aggregating $4,950. The notes are renewals of a note originally given by the appellants for stock in the American Bankers' Securities Company. The original note was given in 1919, and on September 28, 1920, was renewed by a note secured by mortgage. There appears to have been another renewal; but, be that as it may, on April 1, 1923, the notes and mortgage in suit were executed in renewal of the then outstanding note and mortgage. The original note was taken by the appellee bank as collateral security for a loan to the American Bankers' Securities Company, and all the renewals have been so held.

The defense presented was that the original note and the stock subscription for which it was given were procured by fraud; that the renewals were given before the fraud was discovered; and that the appellee was not a holder in due course. The bank claimed to be a holder in due course, and that, by renewing the note with knowledge of the fraud, appellants waived

any defense based upon fraud in the inception of the original note.

The appellant C. B. Heizer was a stockholder in the American Bankers' Securities Company, prior to the giving of the original note, and was a member of the board of directors of that company in 1920. This situation is relied on by appellee as showing that, when appellants thereafter renewed the notes, they did so with knowledge, or the means of knowledge, of the claimed fraud.

The representations which the evidence tended to show were made to induce appellants to purchase the stock, so far as they were shown to be false, were concerning matters of which C. B. Heizer, while serving as a director of the corporation, had the fullest opportunity to learn the truth. Many of them related to matters which it was his duty as a director to know. Not only would the most ordinary diligence on his part have disclosed the truth, but a proper performance of his duty as a director would have sufficiently revealed the facts as to the organization and operations of the company to have put him upon inquiry. We think it clear that he must be held to have waived the defense of fraud when he knew, or by the exercise of ordinary diligence could have discovered, the truth in respect to the representations made to him, and thereafter repeatedly renewed his obligation. *Farmers & Merch. Sav. Bank v. Jones,* 196 Iowa 1071; *Grimes Sav. Bank v. McHarg,* 197 Iowa 1393; *Sullivan v. Gaul,* 198 Iowa 630; *Anthon St. Bank v. Bernard,* 198 Iowa 1345; *National Bank of Decorah v. Robison,* 199 Iowa 1044; *State Sav. Bank v. Deal,* 200 Iowa 490.

The waiver is conclusive of appellants' liability on the note, whether the bank was a holder in due course or not. *National Bank of Decorah v. Robison,* supra. We therefore have no occasion to determine that question. The decree is right, and it is— *Affirmed.*

2. BILLS AND NOTES: holdership in due course: when issue immaterial.

FAVILLE, C. J., and EVANS and DE GRAFF, JJ., concur.